IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BARBARA J. PRINCIOTTA,

                  Plaintiff,

- vs -

TANAGER FINANCIAL SERVICES, INC.,

                  Defendant.

C.A. No. 04-10628RGS

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND

Defendant Tanager Financial Services, Inc. ("Tanager"), for its answer to the Complaint and Jury Demand of Plaintiff Barbara J. Princiotta (the "Complaint"), responds to each numbered paragraph of the Complaint follows:

### FIRST DEFENSE

1.     The allegations in paragraph 1 state conclusions of law to which no response is required.

2.     The allegations in paragraph 2 are admitted.

3.     The allegations in paragraph 3 are admitted.

4.     The allegations in paragraph 4 state conclusions of law to which no response is required.

5.     There is no paragraph 5 in the Complaint.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7. Defendant admits that Plaintiff was employed by Tanager. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7.

8. The allegations in paragraph 8 are admitted.

9. Defendant incorporates by reference its responses to paragraphs 1 through 8 in answer to paragraph 9.

10. The allegations in paragraph 10 are admitted.

11. The allegations in paragraph 11 are admitted.

12. The allegations in paragraph 12 are denied, except Defendant admits that at the time of her hire Plaintiff's title was Tax Specialist.

13. The allegations in sentence one of paragraph 13 are admitted. Further answering, Exhibit A is a writing, which speaks for itself.

14. Defendant admits that Plaintiff's salary was increased to $80,000. Defendant denies the remaining allegations in paragraph 14.

15. The allegations in paragraph 15 are denied.

16. The allegations in sentence one of paragraph 16 are admitted. Further answering, Exhibit B is a writing, which speaks for itself.

BOS1368145.1

17. Defendant refers to Exhibit B, a writing which speaks for itself.

18. The allegations in paragraph 18 are denied.

19. Defendant admits that Plaintiff's salary was increased to $92,000. Defendant denies the remaining allegations in paragraph 19.

20. Defendant admits that on July 19, 2002, Rick Dinsmore and Stephen Oliver issued an annual performance review of Plaintiff for her work from the time period of June 2001 to May 2002. Further answering, Defendant refers to Exhibit C, a writing which speaks for itself.

21. Exhibit C is a writing, which speaks for itself.

22. The allegations in paragraph 22 are denied.

23. The allegations in paragraph 23 are denied.

24. The allegations in paragraph 24 are admitted.

25. The allegations in paragraph 25 are admitted.

26. The allegations in paragraph 26 are denied.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28. The allegations in paragraph 28 are denied.

29. The allegations in paragraph 29 are denied.

BOS1368145.1

30. The allegations in paragraph 30 are denied.

31. The allegations in paragraph 31 are denied.

32. Defendant admits that Plaintiff's employment was terminated on May 20, 2003. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32.

33. Defendant incorporates by reference its responses to paragraphs 1 through 32 in answer to paragraph 33.

34. The allegations in paragraph 34 state conclusions of law to which no response is required.

35. The allegations in paragraph 35 state conclusions of law to which no response is required.

36. The allegations in paragraph 36 state conclusions of law to which no response is required.

37. The allegations in paragraph 37 state conclusions of law to which no response is required.

38. The allegations in paragraph 38 are denied.

39. Defendant incorporates by reference its responses to paragraphs 1 through 38 in answer to paragraph 39.

40. The allegations in paragraph 40 are denied.

41. The allegations in paragraph 41 are denied.

42. The allegations in paragraph 42 are denied.

## SECOND DEFENSE

The Complaint fails to state a claim for disability discrimination under M.G.L. c. 151B, upon which relief may be granted against Tanager.

## THIRD DEFENSE

The Complaint fails to state a claim under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, and applicable regulations, upon which relief may be granted against Tanager.

## FOURTH DEFENSE

The Plaintiff's claim against Tanager under M.G.L. c. 151B must be dismissed because Plaintiff failed to exhaust her administrative remedies by filing a charge with respect thereto with the Massachusetts Commission Against Discrimination and/or the Equal Employment Opportunity Commission.

## FIFTH DEFENSE

The claims asserted in the Complaint are barred by the applicable statute(s) of limitations.

## SIXTH DEFENSE

Plaintiff is estopped to complain about the conduct of Tanager because of her own conduct.

WHEREFORE, Tanager Financial, Inc. requests that judgment be entered against Plaintiff Barbara J. Princiotta, dismissing the Complaint with prejudice and awarding Defendant its costs, including reasonable attorneys' fees.

TANAGER FINANCIAL, INC.,

By its attorneys,

*/s/ Stacey DiJon*

David S. Rosenthal (BBO # 429260)
Stacey L. DiJon (BBO # 647142)
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110
(617) 345-1000

Dated: April 2, 2004

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the Plaintiff's counsel by first-class mail on April 2, 2004.

*/s/ Stacey DiJon*

Stacey L. DiJon