UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|                              |   |                              |
|------------------------------|---|------------------------------|
| BARBARA PRINCIOTTA,          | ) |                              |
|                              | ) |                              |
| Plaintiff,                   | ) |                              |
|                              | ) |                              |
| v.                           | ) | Civil Action No. 04-10628 RGS |
|                              | ) |                              |
| TANAGER FINANCIAL            | ) |                              |
| SERVICES, INC.,              | ) |                              |
|                              | ) |                              |
| Defendant,                   | ) |                              |

PROPOSED JOINT SCHEDULING ORDER
PURSUANT TO LOCAL RULE 16.1

The parties in the above-captioned action, by their attorneys, submit the following proposed joint scheduling order pursuant to the provisions of Local Rule 16.1.

I. Nature of the Case

Plaintiff:

Plaintiff, Barbara J. Princiotta, was hired by the defendant, Tanager Financial Services, Inc., on or about March 11, 1999 as a Tax Specialist and Manager of Tanager's Concierge Group with a starting salary of $65,000. Her primary responsibility was to work with a specific high net worth clients with assets in excess of $500 million. As a result of her outstanding reviews over the next three years her job responsibilities increased drastically and she received salary increases to $80,000 in 2000, $92,000 in 2001 and $105,000 in 2002.

In March of 2003 Plaintiff began experiencing physical symptoms as a result of two herniated discs in her neck. She came under the care of a neurosurgeon and began

physical therapy. She informed her immediate supervisor of her condition and that she would need modest and reasonable accommodations such as taking time off for physical therapy. On May 20, 2003 upon her return to the office from a physical therapy appointment, the Plaintiff was terminated from her employment, escorted to her desk for her personal belongings and escorted out of the building to her car.

Plaintiff has brought this action for unlawful discrimination by her employer in violation of Mass. Gen. Laws. C.151B Section 4. Further, Plaintiff claims the Defendant violated the Family and Medical Leave Act of 1993.

Defendant:

Defendant denies the allegations contained in the Complaint, including alleged violations of M.G.L. c. 151B, s. 4 and the Family Medical Leave Act.

II. Obligation of Counsel to Confer

1. Matters to be discussed at scheduling conference. Plaintiff anticipates discussing the applicability of the Family and Medical Leave Act of 1993. Specifically, whether the Defendant employed 50 or more employees during all material times relative to this action thereby triggering the Act.

2. Pretrial plan for discovery. See section IV that follows.

3. Plaintiff, Barbara J. Princiotta, consents to trial by Magistrate Judge and is willing to explore alternative dispute resolution of this matter, through mediation or arbitration. The Defendant, Tanager Financial Services, Inc. is not consenting to trial by magistrate judge. With respect to alternative dispute resolution ("ADR") they are not prepared at this time to agree to ADR, but reserve their right to consider this option at a future time.

### III. Settlement Proposal

Plaintiff has presented a written settlement proposal in the amount of $150,000.00 to Defendants in compliance with Local Rule 16.1.

### IV. Proposed Joint Discovery Plan

1. Written discovery requests in the form of interrogatories, document requests, and requests for admissions to be concluded by November 1, 2004.

2. The taking of depositions, (except expert depositions, if allowed by the court) to be conducted and concluded by November 30, 2004.

3. All experts to be designated by December 17, 2004 and disclosure of information contemplated by Fed. R. Civ. P., Rule 26(b)(4)(A) provided by January 17, 2005.

4. Dispositive motions and/or motions for summary served by February 16, 2005.

5. Final Pre-trial conference to be designated by the Court. Certifications in accordance with Local Rule 16 (D)(3) are filed herewith. Certifications in accordance with Local Rule 16 (D)(3) are filed herewith.

### V. Certifications

Plaintiff's certification in accordance with Local Rule 16 (D)(3) are filed herewith.

| | |
|---|---|
| Barbara J. Princiotta,<br>By her attorney, | Tanager Financial Services,<br>By their attorney, |
| *[signature]*<br>Sabina T. Carty<br>BBO #552265<br>Law Offices of Sabina T. Carty<br>944 Main Street, Suite 9B<br>Walpole, MA 02081<br>508-850-9088 | *[signature]*<br>David S. Rosenthal<br>BBO# 429260<br>Stacey L. DiJon<br>BBO# 647142<br>Nixon Peabody LLP<br>100 Summer Street<br>Boston, MA 02110<br>(617) 345-1000 |

Dated: May 7, 2004

## CERTIFICATE OF SERVICE

I, Sabina T. Carty, attorney for the Plaintiff, Barbara J. Princiotta, hereby certify that on May 7, 2004, I served a copy of the above pleading or paper by mailing a copy of same, first-class mail, postage prepaid, to:

> David S. Rosenthal, Esq.
> Stacey L. DiJon, Esq.
> Nixon Peabody LLP
> 100 Summer Street
> Boston, MA 02110

*[signature]*
Sabina T. Carty,
BBO #552265

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BARBARA PRINCIOTTA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-10628 RGS |
| ) | |
| TANAGER FINANCIAL ) | |
| SERVICES, INC., ) | |
| ) | |
| Defendant, ) | |

### PLAINTIFF'S SETTLEMENT PROPOSAL
### PURSUANT TO LOCAL RULE 16.1

**Plaintiff's Statement of the Case**

Plaintiff, Barbara J. Princiotta, was hired by the defendant, Tanager Financial Services, Inc., on or about March 11, 1999 as a Tax Specialist and Manager of Tanager's Concierge Group with a starting salary of $65,000. Her primary responsibility was to work with a specific high net worth clients with assets in excess of $500 million. As a result of her outstanding reviews over the next three years her job responsibilities increased drastically and she received salary increases to $80,000 in 2000, $92,000 in 2001 and $105,000 in 2002.

In March of 2003 Plaintiff began experiencing physical symptoms as a result of two herniated discs in her neck. She came under the care of a neurosurgeon and began physical therapy. She informed her immediate supervisor of her condition and that she would need modest and reasonable accommodations such as taking time off for physical

therapy. On May 20, 2003 upon her return to the office from a physical therapy appointment, the Plaintiff was terminated from her employment, escorted to her desk for her personal belongings and escorted out of the building to her car.

Plaintiff has brought this action for unlawful discrimination by her employer in violation of Mass. Gen. Laws. C.151B Section 4. Further, Plaintiff claims the Defendant violated the Family and Medical Leave Act of 1993.

### Liability

Defendant discriminated against the Plaintiff with regards to the terms, conditions and privileges of employment because of her physical disability and created a hostile work environment in violation of M.G.L. c. 151B.

In addition, at no time material to this action did the Defendant advise the Plaintiff of her right to take an unpaid leave to take care of her medical condition as provided in the Family Medical Leave Act of 1993. The defendant's failure to properly advise the Plaintiff of her rights, deprived the Plaintiff of her ability to preserve and protect her job.

### Damages

Plaintiff has been diligent in her search for employment for the past year. Her annual salary at the time of her termination was $105,000. COBRA payments over the last year total $5,000.00. Plaintiff lost 401K benefits and vesting rights in the amount of $14,050.00. Out of pocket expenses for Licenses and continuing education classes total $1,750.00. In addition, the Plaintiff is claiming damages in the amount of $25,000.00 for humiliation and emotional distress.

### Demand

The Plaintiff is desirous of settling this matter without the necessity of costs of litigation. The Plaintiff believes that $150,800.00 is a fair and reasonable amount to compensate her for her damages, both present and future.

> Barbara J. Princiotta,
> By her attorney,
>
> */s/ Sabina T. Carty*
> Sabina T. Carty
> BBO #552265
> Law Offices of Sabina T. Carty
> 944 Main Street, Suite 9B
> Walpole, MA 02081
> 508-850-9088

Dated: May 7, 2004

### CERTIFICATE OF SERVICE

I, Sabina T. Carty, attorney for the Plaintiff, Barbara J. Princiotta, hereby certify that on May 7, 2004, I served a copy of the above pleading or paper by mailing a copy of same, first-class mail, postage prepaid, to:

> David S. Rosenthal, Esq.
> Stacey L. DiJon, Esq.
> Nixon Peabody LLP
> 100 Summer Street
> Boston, MA 02110
>
> */s/ Sabina T. Carty*
> Sabina T. Carty,
> BBO #552265

UNITES STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARBARA PRINCIOTTA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-10628 RGS |
| ) | |
| TANAGER FINANCIAL ) | |
| SERVICES, INC., ) | |
| ) | |
| Defendant, ) | |

LOCAL RULE 16.1 (D) (3) CERTIFICATION

I, Barbara J. Princiotta, the plaintiff in the above captioned action, hereby certify that I have discussed with my attorney, Sabina T. Carty, alternative dispute resolution programs and choose to further discuss with defendants the possibility of resolving this matter through appropriate alternative dispute resolution programs. Further, my attorney has advised me that she shall pursue first discovery by way of interrogatories, request for documents and requests for admissions in order to keep down the cost of litigation. Upon receipt of the defendants' discovery responses, she shall then take what depositions she deems necessary.

SUBSCRIBED AND WORN TO THIS 28th DAY OF APRIL, 2004, UNDER THE PAINS AND PENALTIES OF PERJURY.

/s/ Barbara J. Princiotta
Barbara J. Princiotta

Page 1 of 3

I, Sabina T. Carty, attorney for the plaintiff in the above captioned matter, hereby certify that I have discussed with the plaintiff, Barbara J. Princiotta, alternative dispute resolution programs and that she has chosen to further discuss with defendants the possibility of resolving this matter through appropriate alternative dispute resolution methods. Further, I have advised her that I shall pursue first discovery by way of interrogatories, request for documents and requests for admissions in order to keep down the cost of litigation. Upon receipt of the defendants' discovery responses, I shall then take what depositions I deem necessary.

SUBSCRIBED AND WORN TO THIS 28th DAY OF APRIL, 2004, UNDER THE PAINS AND PENALTIES OF PERJURY.

*[signature]*

Sabina T. Carty
BBO #552265
Law Offices of Sabina T. Carty
944 Main Street, Suite 9B
Walpole, MA 02081
508-850-9088
508-850-9086 (Facsimile)

CERTIFICATE OF SERVICE

I, Sabina T. Carty, attorney for the Plaintiff, Barbara J. Princiotta, hereby certify that on May 7, 2004, I served a copy of the above pleading or paper by mailing a copy of same, first-class mail, postage prepaid, to:

> David S. Rosenthal, Esq.
> Stacey L. DiJon, Esq.
> Nixon Peabody LLP
> 100 Summer Street
> Boston, MA 02110

Sabina T. Carty,
BBO #552265